### Collie Clavin, Appellant, v. Bruno Froelich, Appellee.

SLANDER AND LIBEL—*what words not actionable per se.* *Held,* that to say of the cashier of a bank that he was "an Irish bull head" etc., was not to utter words slanderous *per se,* and that in the absence of an allegation of special damage the action of slander could not be maintained.

Action in case for slander. Appeal from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed May 26, 1911.

L. M. HARLAN, for appellant; EDWARD C. KNOTTS and PEEBLES & PEEBLES, of counsel.

BELL & BURTON, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

To appellant's declaration in an action in case for slander, appellee interposed a general and special demurrer which was sustained by the court, and appellant electing to abide his declaration judgment was entered against him in bar of his action and for costs.

The declaration which consists of two counts, alleges in substance, that at the time of the committing by appellee of the several grievances mentioned appellant was and since has been cashier of the First National Bank at Mt. Olive, and had always conducted his business in said bank and performed his duties as cashier with fidelity and industry, and was deservedly held in great esteem by his neighbors and by those with whom he had dealings as the cashier of said bank; that because of such services as cashier he daily acquired

compensation for the support of himself and his family; that
appellee contriving and wrongfully and maliciously intend-
ing to injure and destroy the good name, reputation and
credit of appellant in his said business, and to cause the
said bank to discharge him from his position as cashier on
April 21, 1908, in a certain discourse which appellee then
and there had in the presence and hearing of divers persons,
falsely and maliciously spoke and published of and concern-
ing appellant, and of his business and employment in said
bank, the false, malicious, slanderous and defamatory words:
"Clavin is an Irish bullhead and was run out of Marine
(meaning the village of Marine, in Madison county, Illinois).
He (meaning appellant) thinks because he tried to run
Marine (meaning said village of Marine) that he can run
this town (meaning the village of Mt. Olive). You had
better put him out of the bank or you will lose business."
(Meaning that the retaining by the First National Bank of
Mt. Olive of appellant as cashier of said bank would lose
business and patronage for said bank). The declaration
further alleges that by means thereof appellant had been
greatly injured and damaged in his good name, credit, repu-
tation and business; that divers patrons of said bank had
refused to have dealings with him as such cashier and because
of such fact, and the malicious words so uttered by appellee,
the directors of said bank investigated the truth of the said
statements made of and concerning appellant; that by the
speaking of the said words by appellee appellant was greatly
damaged, injured and hindered in his dealings as cashier
of said bank and was also thereby deprived of gains, profits
and compensation which otherwise would have accrued to
him, etc.

It is insisted on behalf of appellant that the words spoken
by appellee were slanderous *per se* and actionable without
allegation and proof of special damage, and in support of
such insistence appellant relies upon Clifford v. Cochrane, 10
Ill. App. 570, where it is said: "The general rule in re-
lation to the speaking (or writing) of words of one in a par-
ticular calling may be stated as follows: Any words spoken

of such person in his office, trade, profession or business, which tend to impair his credit, or charge him with fraud, or indirect dealings, or with incapacity, and that tend to injure him in his trade, profession or business are actionable without proof of special damage." Giving to the words spoken by appellee their commonly accepted meaning they are not referable to the business of appellant as a banker, or to his position as cashier of the bank, by imputing to him, as such banker or cashier, any want of credit, or fraud, or indirect dealing, or want of business capacity, but they merely impute to appellant certain temperamental characteristics unmixed with any element of moral obliquity which may or may not tend to injure and damage him in his business and occupation. The words are not slanderous *per se* and in the absence of any allegation of special damage accruing to appellant by reason of the words spoken the declaration is faulty and the demurrer thereto was properly sustained.

The judgment of the circuit court will be affirmed.

*Affirmed.*